## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| MARY COLE ROBERTS § § Plaintiff, § § vs. § § THE ALLSTATE CORPORATION, § A Delaware Corporation, § 3075 Sanders Road § Northbrook, Illinois 60062, § § ALLSTATE INSURANCE COMPANY, § A Delaware Corporation, § 3075 Sanders Road § Northbrook, Illinois 60062 § § Defendants | CIVIL ACTION NO.15-CV-00112 JURY DEMANDED |

## PLAINTIFF MARY COLE ROBERTS RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARY COLE REBORTS, Plaintiff through his undersigned counsel, hereby respectfully request that the Court deny Defendants' Motion to Dismiss for Failure to State a Claim and would show in support thereof, would show the Court as follows:

I.

Defendants contend that Plaintiff's claim should be dismissed because Plaintiff ratified the release and that Plaintiff did not engage in protected activity. However, Plaintiff did engage in protected activity. The anti-discrimination statutes make it unlawful for an employer "to discriminate against any of his employees…because such individual…has opposed any

1

practice made unlawful by this act." 29 U.S.C. 623(d) (ADEA).

Here, Allstate's Mass Termination Program ("Program") required the employee agents to release their claims in order to continue working as Allstate agents. The Program was a retaliatory policy and, like the policy challenged in *EEOC v. Board of Governors*, 957 F.2d 424 (7 Circ. 1992), it violated the anti-retaliation provisions on its face. The purpose of the release was presumably to avoid or minimize successful legal challenges against the Program. Allstate wanted to maximize the number of employee agents who signed the release, and the company pressured them to sign the release by imposing consequences on those who refused to sign. Plaintiff signed the release under duress and fear of losing his job. The financial pressure to sign the release was so severe that only 0.3% (20 out of 6,200) of them resisted it. (See attached EEOC v. Allstate Ins. Co. p. 32). Furthermore, the Court in *Romero* stated that although it was tempted to, "find as a matter of law that these circumstances deprived the Release of the requisite voluntariness…. [s]uch a question is not properly decided by a Court as a matter of law, but rather is best resolved by a jury." *Romero v. Allstate Ins. Co.,* Nos. 01-3894, 137 (Feb. 2014).

If employees refused to sign the release, Allstate retaliated against them by ending their careers as Allstate agents. Preventing employees from continuing their careers without the signing of the release was materially adverse, regardless of whether that action is understood as a termination or a refusal to rehire. See, e.g., *Weiler v. R&T Mech., Inc.,* 255 F. App'x 665, 668 (3d Cir. 2007) (termination is a "materially adverse action" for purpose of retliation claim); *McGowan v. City of Eufala*, 472 F.3d 736, 742 (10th Circ. 2006) (in retaliation claim termination is "obviously an adverse action"). The Program was therefore, retaliatory and it violated the anti-retaliation provisions on its face.

II

Secondly, Defendants contend that Plaintiff's claims are time barred however, Defendants failed to consider the correct application of the running of statutes of limitations. A statute of limitations begins to run when the cause of action accrues – that is, when 'the plaintiff can file suit and obtain relief. *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, Inc., 522 U.S. 192, 201 (1997); see also *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 517 U.S. \_\_\_, \_\_\_ (2013) (slip op., at 4). Here, Plaintiff's statute of limitations started to run on March 1, 2010 the date the Plaintiff transitioned, pursuant to the "Final Approval Request," not the date that the program was announced as alleged by Defendants. One year and 151 days elapsed between March 1, 2000, the date Plaintiff yielded to the adverse action, and the filing of the original *Romero* Complaint on August 1, 2001. Seventy-seven days elapsed between the *Romero* court's denial of class certification on October 6, 2014, and that court's December 22, 2014 Order staying the running of the statutes of limitations. The statute of limitations resumed on March 2, 2015 and Plaintiff's Complaint was filed on March 15, 2015, sixty-three days before the running of the statute of limitations on July 18, 2015. Therefore, Plaintiff's claims are not time barred.

III.

On September 19, 2000, the EEOC issued a letter of determination that Allstate had violated the ADEA and other federal non-discrimination statutes by requiring that employee agents execute the release as a condition of continuing in Allstate's service as part of the program. In the *Romero* class action suit against Allstate, class representative Gene Romero filed an EEOC complaint. As class representative Mr. Romero brought the lawsuit on behalf

of all of the Allstate agents who were impacted by the discrimination. If each and every class member in a class action lawsuit is required to file separate EEOC claims, in addition to the class representative, it would virtually flood the EEOC with unnecessary and repetitive mountains of paperwork. Class members would be led to file individual actions prior to the denial of class certification in order to preserve their rights. Note that Texas courts are in favor of advancing judicial and economic efficiency.

IV.

Furthermore Defendants allege that Plaintiff's breach of contract and breach of fiduciary duty claims are time barred. Under Texas law, when a person is prevented from exercising their legal remedy by pending legal proceedings, the time during which the person is prevented from filing should not be counted against the person in determining whether limitations have barred the person's rights. *Odle v. Wal-Mart Stores, Inc.*, No. 13-10037 (5th Cir., 2014); *In re Enron Corp. Securities*, 465 F.Supp.2d 687, 693 (S.D. Tex., 2006) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 577 n. 14 (5th Cir.2001); see also *Versluis v. Town of Haskell, Okla.,* 154 F.2d 935, 942 (10th Cir. 1946). In the present case Plaintiff's statute of limitations expire July 18, 2017. Therefore, Plaintiff's breach-of- contract and breach-of-fiduciary duty claims are not time barred.

V.

Defendants also claim that Plaintiff's breach of contract claim fails merely because Plaintiff was an at-will employee. Based on Defendant's blanket assertion, at-will employees have no recourse for the wrongful actions of their employers. However, under Texas law, an at-will employee has a contract with his or her employer that is 'valid and subsisting' 'until

4

terminated.' *Conner v. Celanese, Ltd.*, 428 F.Supp.2d 628, 635 (S.D. Tex., 2006) (quoting *Paniagua v. City of Galveston*, Tex., 995 F.2d 1310, 1313 (5th Cir. 1993)). In an employment at will context, either employer or employee may impose modifications, but the party asserting the modification must prove that the other party agreed to the modification of the employment terms. *Conner*, 428 F.Supp.2d 628, 635 (S.D. Tex., 2006). Here, Defendants terminated the employment status of Plaintiff without regard to the procedural safeguards set forth in the R830 contract, and without affording Plaintiff a reasonable time to make good on Plaintiff's investments in Defendants business. Such actions by the Defendants were a material breach of contract and breach.

VI.

Finally, Defendants state that Plaintiff's claim for breach of fiduciary duty should be denied. The Texas Supreme Court has recognized that fiduciary employees owe duties of loyalty to their employers. *Pas Inc. v. Engel*, 350 S.W.3d 602, 613-614 (Tex. App., 2011) (applying the Texas Supreme Court long standing precedent in *Kinzbach Tool Co., v. Corbett—Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). Defendants terminated Plaintiff and denied Plaintiff the value of Plaintiff's investments and livelihoods. Defendants exploited its relationship with Plaintiff, violating its fiduciary duties owed to Plaintiff.

VII.

We have shown that all of the Plaintiff's assertions are valid and have an independent cause of action. For these reasons Plaintiff should be issued a declaratory judgment in favor of Plaintiff.

IN WITNESS WHEREOF, Plaintiffs respectfully move that the Court dismiss Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ *Reginald E. McKamie*
REGINALD MCKAMIE, SR.
State Bar No. 13686750
Southern District of Texas Bar No. 8303
Law Office of Reginald McKamie, Sr. P.C.
1210 Antoine Dr., Suite 100
Houston, Texas 77055
(713) 465-2889
(713) 465-2894 (fax)
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded by facsimile, certified mail, return receipt requested, or delivered by hand to all appropriate counsel of record on the 4th of November 2015.

**REGINALD E. MCKAMIE, SR.**