**U.S. Equal Employment Opportunity Commission**

Enter search terms... | Search

- Home
- About EEOC
- Employees & Applicants
- Employers
- Federal Agencies
- Contact Us

 

**About EEOC**

- Overview
- The Commission
- Meetings of the Commission
- Open Government
- Newsroom
- Laws, Regulations, Guidance & MOUs
- Budget & Performance
- Enforcement & Litigation
- Initiatives
- Task Forces
- Interagency Programs
- Publications
- Statistics
- Outreach & Education
- Legislative Affairs
- FOIA & Privacy Act
- Doing Business with EEOC
- Jobs & Internships
- EEOC History
- Office of Inspector General

Home > About EEOC > Newsroom > Press Releases

**PRESS RELEASE**
4-2-04

# COURT RULES ALLSTATE'S THREATS OF RETALIATION ARE ILLEGAL

*Insurance Giant Deprives Employees of Equal Opportunity, Says EEOC in Lawsuit*

PHILADELPHIA - In a significant decision, the federal court here has ruled that Allstate Insurance Company unlawfully retaliated against approximately 6,200 of its employees by requiring them to give up their workplace discrimination claims in order to continue to work as agents with the Northbrook, Ill.-based insurance giant. The EEOC's lawsuit charges Allstate with violating the non-retaliation requirements of several federal laws prohibiting employment discrimination, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).

EEOC's suit alleges that Allstate implemented a mandatory policy at all of its U.S. facilities requiring employees to sign a release waiving all workplace discrimination charges against the company in order to be retained as independent-contractor agents. The effect of the policy, the EEOC says, has been to deprive Allstate employees of equal employment opportunities by attempting to prevent their participation in activity protected under federal anti-discrimination laws. The EEOC also contends that the alleged discriminatory policy was carried out with malice or with reckless indifference to the federally protected rights of Allstate employees who worked as insurance agents in violation of the Civil Rights Act of 1991.

The EEOC's suit was consolidated with Romero v. Allstate, Case No. 01-3894 a private lawsuit which also addresses the issue of retaliation as well as numerous other challenges to company reorganization actions. The Court's ruling also addressed other claims in the Romero case.

In its ruling, the Court held: "It is illegal to either retaliate, or threaten to retaliate, against an employee to prevent him from exercising rights under the EEOC, Title VII, ADEA, ADA, etc. Those employees who did not sign releases were in fact treated less favorably than those who did sign, and the signers had all been threatened with such an outcome if they exercised their right to refuse to sign the proposed release."

"The Court's decision here is monumental," said EEOC Regional Attorney Robert G.

Johnson. It guarantees that employees cannot be coerced by the threatened termination of their employment into giving up their rights under the nation's employment discrimination laws. This decision is crucial to the continued effectiveness of those laws. It sends a strong message to other employers not to try a similar scheme."

"This decision has nationwide significance for virtually all working men and women," said C. Felix Miller, the EEOC's lead attorney on the case. "Had Allstate been allowed to get away with its plan, it would have gutted our country's employment discrimination statutes. The Court by this ruling has told Allstate that it must obey the law. It cannot threaten its employees with the loss of their jobs for refusing to give up their rights."

The EEOC enforces Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Age Discrimination in Employment Act, which protects workers 40 years of age and older; the Equal Pay Act; prohibitions against discrimination affecting individuals with disabilities in the federal sector; sections of the Civil Rights Act of 1991; and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. Further information about EEOC is available on its web site at www.eeoc.gov.

   

Privacy Policy | Disclaimer | USA.Gov