IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE R. ROMERO, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 01-3894 |
| | : | |
| | : | CONSOLIDATED WITH |
| ALLSTATE INSURANCE COMPANY, et al., | : | |
| | : | NO. 01-6764 |
| Defendants. | : | NO. 01-7042 |

## ORDER

**AND NOW**, this *6th* day of *January*, 2015, upon consideration of Plaintiffs' Motion for Clarification or, In the Alternative, for Reconsideration of the Court's December 11, 2014 Order (Docket No. 489), and Defendants' Response (Docket No. 490), and following the Court's telephone conference with the parties on this date, it is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1] Plaintiffs contend that because the Release was asserted as affirmative defense to the substantive claims, challenges to the validity of that Release are not subject to any specific statute of limitations. Rather, according to Plaintiffs, the statute of limitations is tied only to the substantive claims. As there is no judicial ruling as to the propriety of class certification on such substantive claims, Plaintiffs conclude that the statute of limitations for the absent class members cannot begin running until the Court affirmatively rules on a motion for class certification regarding the substantive issues.

Plaintiffs, however, misunderstand both the purpose behind tolling in a putative class action and the scope of the Court's certification ruling. In American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), the United States Supreme Court clarified the principle that the class action is a representative creature and that members of a putative class are treated as if they were parties to the action itself "until and unless they received notice thereof and chose not continue." Id. at 550–51. In turn, the filing of a class action causes the courts to treat members of the asserted class as if they instituted their own actions and to give such members the benefit of tolling for as long as the class action purports to assert their claims. Id.

"Tolling, however, does not continue indefinitely. If the district court denies certification,

or if it certifies the class but later decertifies it, tolling ceases." Odle v. Wal-Mart Stores, Inc., 747 F.3d 315, 320 (5th Cir. 2014) (footnotes omitted). "This is because 'the putative class members ha[ve] no reason to assume that their rights [a]re being protected.'" Id. (quoting Hall v. Variable Annuity Life Ins. Co., 727 F.3d 372 (5th Cir. 2013) (further quotations omitted)). Thus, "[i]f class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class. In order to protect their rights, such individuals must seek to intervene in the pending action . . . or file a separate individual action . . . before the time remaining in the limitations period expires." Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1391 (11th Cir. 1998).

In the present case, the Court's Memorandum and Order of February 27, 2014 on the parties' Cross-motions for Summary Judgment, together with the Court's denial of class certification on October 6, 2014, made it abundantly clear to the putative class members who signed the Release that they were being excluded from any potential class bringing substantive claims against Allstate. In the February 27, 2014 Memorandum and Order, the Court engaged in a lengthy discussion of the scope of the Release and determined that if the Release, as signed by the individual employee agents, was deemed valid, then it would clearly bar all of the substantive claims asserted by the putative employee agent class. Romero v. Allstate, 1 F. Supp. 3d 319, 361–75 (E.D. Pa. 2014). Thereafter, in the October 6, 2014 Memorandum and Order, the Court denied certification of a class that sought to challenge the validity of the Release on theories of involuntariness, unconscionability, unclean hands, or part and parcel of an illegal scheme. Romero v. Allstate, ___ F. Supp. 3d ___, 2014 WL 4966147 (E.D. Pa. Oct. 6, 2014). Ultimately, this Court found that "[t]he issues surrounding the validity of the Release . . . involve numerous individual inquiries that . . . are so inextricably intertwined with the common questions as to eliminate any benefit to certification." Id. at *19. Although the Court did not rule on whether Plaintiffs' substantive claims under ERISA and ADEA may be proper for class certification, the two Court Orders put putative class members on unequivocal notice that unless they invalidate their Release via an individual action, they will be unable to participate in any potential class action raising the substantive ERISA and ADEA claims. In other words, putative class members were given adequate warning that if they signed a Release and were not already part of the current action, the Release would bar them from asserting any further claims against Allstate with respect to the Preparing for the Future Group Reorganization Program. Having been put on notice by these Orders that their rights were no longer being protected, the putative class members who signed the Release were no longer entitled to tolling of the statute of limitations.

To hold otherwise—i.e., that the statute of limitations for employee agents who signed the Release remains tolled until a certification ruling on the substantive issues—would result in utter turmoil in this matter. Assuming the Releases of the thirty named Plaintiffs are invalidated, Plaintiffs will proceed to substantive discovery and presumably move for class certification on their substantive claims. Even if the Court certifies a class, such a class could not include individuals who remain contractually barred from bringing such suits because issues as to the validity of the individual Releases would predominate over questions common to the class. As such, the door would be opened for such individuals to file their own lawsuits, effectively restarting the entire litigation process—one that began over a decade ago—for a new group of

2

It is **FURTHER ORDERED** that Plaintiffs' request for Defendants to provide a list of updated addresses for former employee agents who signed the Release is **DENIED**.[2]

It is **FURTHER ORDERED** that the Court's stay imposed by the December 22, 2014 Order shall remain in place until **MONDAY, MARCH 2, 2014,** at which time all statutes of limitations in this matter shall resume running.

It is so **ORDERED**.

BY THE COURT:

*/s Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

plaintiffs. Certainly, the American Pipe tolling rule was not intended to cause such a result.

[2] During the course of discovery in this matter, Defendants provided Plaintiffs with names and then-current addresses of the more than 6,000 former employee agents of Allstate that signed the Release. Plaintiffs now want Defendants to provide updated addresses of these individuals, but have provided no basis
for having the Court impose such a burden on Defendants. Absent some authority for why Defendants should be responsible for investigating and providing updated addresses, the Court declines to grant Plaintiffs' request.

3